HYNES, Regional Director, Fish and Wild Life Service, v. GRIMES PACKING CO. et al.

No. 12469.

United States Court of Appeals Ninth Circuit.

Nov. 10, 1950.

A. Devitt Vanech, Asst. Atty. Gen., Everett W. Hepp, U. S. Atty., Fairbanks, Alaska, Roger P. Marquis, S. Billingsley Hill, Attorneys, Dept. of Justice, Washington, D. C., for appellant.

Edward F. Medley, Frank L. Mechem and W. C. Arnold, all of Seattle, Wash. (Covington, Burling, Rublee, O'Brian & Shorb, Washington, D. C., of counsel), for appellee.

Before DENMAN, Chief Judge, and HEALY and BONE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a final decree enjoining appellant from seizing the boats and gear and otherwise interfering with the fishing of the appellees for salmon in

the waters of the Shelikof Strait, within the boundaries of the Karluk Indian Reservation, "by way of enforcing restrictive provisions of Section 208.23(r) of the 1946 Alaska Fisheries General Regulations or any other regulations of like or substantially like import which may be hereafter promulgated or attempted to be promulgated by the Department of Interior of the United States of America through its Fish and Wildlife Service or otherwise." The decree was made on the purported requirement of the mandate of the Supreme Court in the case of Hynes v. Grimes Packing Co., 337 U.S. 86, 69 S.Ct. 968. It was substantially the same as originally made by the district court save that there was added the matter after the words "General Regulations."

The decree is made in a suit in equity in which one of two issues tendered sought to have declared void Public Land Order 128 issued by the Secretary of Interior, hereafter called the Secretary, creating a reservation for the Karluk Indians, including an area in Shelikof Strait extending 3000 feet in the waters of the strait beyond the short line at mean low water. The reservation was made under the authority of Section 2 of the Act of May 1, 1936, 49 Stat. 1250, 48 U.S.C.A. § 358a, authorizing the Secretary to create an Indian Reservation out of the "public lands" in Alaska. The district court held the Public Land Order invalid because such waters below mean low water are not public lands. 67 F.Supp. 43. This court of appeals affirmed. Hynes v. Grimes Packing Co., 165 F.2d 323. The Supreme Court, 337 U.S. 86, 69 S.Ct. 968 reversed, Hynes v. Grimes Packing Co., supra, holding that such waters are public lands and the Secretary's Public Land Order creating the reservation therein is valid.

The sole remaining issue tendered by the complaint for the consideration of the district court is the validity of the Secretary's Alaska Fisheries General Regulation § 208.23(r). This, in effect, purports to give to the Karluk Indians a monopoly of the fishing in the reservation waters, including the waters of Shelikof Strait, to be shared in by appellees and others only if granted permits by the Indians. Its provisions are:

"Sec. 208.23. Waters closed to salmon fishing. All commercial fishing for salmon is prohibited as follows:

"(r) All waters within 3,000 feet of the shores of Karluk Reservation (Public Land Order No. 128, May 22, 1943), beginning at a point on the east shore of Shelikof Strait, on Kodiak Island, latitude 57° 32' 30" N., thence northeasterly along said shore to a point 57° 39' 40".

"The foregoing prohibition shall not apply to fishing by natives in possession of said reservation, nor to fishing by other persons under authority granted by said natives (49 Stat. 1250, 48 U.S.C. 358a [48 U.S.C.A. § 358a]). Such authority shall be granted only by or pursuant to ordinance of the Native Village of Karluk, approved by the Secretary of the Interior or his duly authorized representative." 11 Fed.Reg. 3105, 9528.

The sole relief sought by the complaint on this single remaining issue is "That upon such final hearing this court enter a final order adjudging and decreeing said subsection 208.23(r) of the Alaska Fisheries General Regulation null and void and of no legal effect;" and that the district court issue a permanent injunction "against defendant from doing any act or thing to carry out any of the provisions of said subsection 208.23(r) of the Alaska Commercial Fishing Regulations for 1946."

It will be noted that the relief sought by the complaint does not affect the right of appellant Hynes to seize the boats, nets and gear of the appellees and interfere with their fishing, *other than* by doing any act or thing to carry out the provisions of § 208.23(r). No amendment of appellees' complaint has at any time been sought.

The district court held § 208.23(r) invalid and decreed the permanent injunction sought. This court and the Supreme Court affirmed the holding that the regulation is invalid, the latter stating the regulation is "void as a whole." However, the Supreme Court vacated the decrees of

this and the district court and remanded the case to the district court, stating:

"This is an equitable proceeding in which the respondents seek protection against unlawful action by petitioner, the Regional Director of the Fish and Wildlife Service of the Department of the Interior. The interests of respondents the Indians of Karluk Reservation, and the efforts of the Department of the Interior to administer its responsibilities fairly to fishermen and Indians are involved. These are questions of public policy which equity is alert to protect. This Court is far removed from the locality and cannot have the understanding of the practical difficulties involved in the conflicts of interest that is possessed by the District Court. Therefore we think it appropriate for us to refrain from now entering a final order disposing definitively of the controversy. With our conclusion on the law as to the establishment of the reservation and the invalidity of the regulation before them, the Department and the parties should have a reasonable time, *subject to the action of the District Court on the new proposals,* to adjust their affairs so as to comply with our determinations.

"We therefore vacate the decrees of the District Court and the Court of Appeals and remand this proceeding to the District Court with directions to allow thirty days from the issuance of our mandate *for the Secretary of the Interior to give consideration to the effect of our decision. Unless steps are taken in this proceeding the District Court, on the expiration of thirty days,* shall enter a decree enjoining the defendant Hynes and all acting in concert with him substantially as ordered in the permanent injunction entered November 6, 1946. If timely steps are taken, the District Court will, of course, be free to enter such orders as it may deem proper and not inconsistent with the present decision. Pending the entry of further orders by the District Court the preliminary injunction entered July 18, 1946, shall apply to protect the rights of the respondents." (Emphasis supplied.) [337 U.S. 86, 69 S.Ct. 990.]

■■ Since after the permanent decree of the district court was set aside the complaint was not amended and no cross-complaint has been filed, we assume that any "new proposals" which are "subject to the action of the district court" are proposals within the surviving cause of action stated in the complaint. It would be a violation of the due process clause of the Fifth Amendment for the district court or this court to compel appellees to submit to the court's determination issues not pleaded by either of the parties, just because the decision may be beneficial to the persons not parties to the action, such as the Secretary of the Interior or the Village of Karluk.

(A) *The deletion from the Regulations of § 208.23(r), held "void as a whole" in this litigation against Hynes, is not a "new proposal" which is "subject to the action of the District Court."*

Upon the return of the case to the district court, appellant Hynes moved for a dismissal of the action. The sole ground of the motion is that the Secretary of the Interior, within thirty days after the Supreme Court's decision, had ordered deleted* from the regulations § 208.23(r) so held "invalid as a whole."

■ Such deletion was no new proposal to Hynes, who had had the regulation's voidness held against him by the Supreme Court, and who was the officer empowered to enforce the regulation, nor to the district court already bound by the Supreme Court's decision. We regard it as not a "step taken in this proceeding" such as is contemplated by the decree of the Supreme Court and hence no ground for not entering a decree enjoining Hynes from continuing his threatened action of seizure and arrest. There is no merit to appellant's claim of error in not dismissing the case because of the deletion of § 208.23(r).

(B) *The assertion here of an ordinance of the Village of Karluk, not pleaded be-*

* 14 F.R. 3283.

*low, reducing its charge for fishing permits in the reservation waters, even if a matter of judicial cognizance, is not a timely step for the consideration of the district court.*

■ Appellant's unverified brief would have us take cognizance of an asserted ordinance of the Village of Karluk which was enacted on July 25, 1949, within the thirty days of the Supreme Court's mandate, but which was not to "become effective" until "approved." The village charter provided that the village shall not make permits "without the approval of the Secretary of the Interior." Hynes v. Grimes Packing Co., 337 U.S. 86, 125, 69 S.Ct. 968 (footnote). Such approval was not given till many weeks after the thirty days had expired. Assuming the ordinance to be within our cognizance, we deem this not to be a step taken in this proceeding within the thirty days of the Supreme Court's opinion.

■ However, even assuming we had cognizance of the ordinance and could consider it offered as a "new proposal" and a "timely step," we think it is not a new proposal or a timely step within the sole issue tendered by the complaint and joined by Hynes. The latter ordinance supersedes an ordinance of 1946, existing at the time the complaint was filed, which had purported to make it unlawful to fish in the reservation waters without the village's permit and fixed the amount the village could collect for permits. The 1946 ordinance fixed the permit fees at $2 for residents and $40 for non-residents, and penalized the violation of the ordinance by a fine of $500. Hynes v. Grimes Packing Co., 337 U.S. 86, 124, 69 S.Ct. 968 (footnote). The brief asserts the new ordinance makes the fee of residents $2 and of non-residents $5, removes the $500 penalty and provides that a person fishing without a permit is a trespasser and may be removed from the reservation. There is no provision that the tribe is to turn over the moneys it collects for the permits to the Interior Department for the enforcement of its regulations, and the Supreme Court states, Hynes v. Grimes

Packing Co., supra, 337 U.S. at page 122, 69 S.Ct. at page 988, "We do not read the White Act as empowering the Secretary to raise general funds for native welfare or general conservation purposes from White Act preserves."

Whatever may be the effect of the claimed ordinance, it is not one about which the complaint has any controversy. It does not seek any remedy based upon any invalidity of the ordinance. For all we know, the appellees since July 25, 1949, have been paying the $2 or $5 permit fees without even waiting for the Secretary's approval of the ordinance on September 8, 1949. As appellant's brief admits, "the appellees did not assert excessiveness of the fees and the district court did not enjoin enforcement of those either previously or presently required." The ordinance, if existing, affords no ground for the dismissal of the complaint.

(C) *Since there are no new proposals or timely steps taken within the sole remaining issue tendered by the complaint, the district court should have decreed an injunction substantially the same as the permanent injunction it first decreed.*

■ The decree here appealed from follows the mandate, that is, it is substantially the same as the permanent decree the district court originally issued save that it added after the words "by way of enforcing the restrictive provisions of Section 208.23 (r) of the 1946 Alaska Fisheries General Regulations" the words "or any other regulations of like or substantially like import which may hereafter be promulgated or attempted to be promulgated by the Department of the Interior of the United States of America through its Fish and Wildlife Service or otherwise."

Such an addition was not sought by either party. Appellees' motion for judgment on the mandate sought only a decree enjoining the defendant Hynes and all acting in concert with him *in accordance with the terms of the permanent* injunction entered herein on November 6, 1946. The added matter was by the court sua sponte.

We agree with the statement of appellant's brief that the injunction, purportedly

on the basis of the mandate, goes wholly beyond the mandate or the relief sought at any time. The question of future regulations by the Fish and Wildlife Service was not in the record and was not reviewed by the Supreme Court. Control of future regulations was not asked for in the complaint. Even more remote to the scope of this case are future regulations through agencies other than the Fish and Wildlife Service covered by the words "or otherwise."

The injunction decreed is ordered modified by the omission of the words after the words "Alaska Fisheries General Regulation" and as so modified the decree is affirmed.